SANTANA, PLAINTIFF AND APPELLEE, *v.* A. GELABERT, LTD.,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Proceeding to
Set Aside a Default Judgment.

No. 1736.—Decided March 7, 1918.

JUDGMENT—DEFAULT—DISCRETION OF COURT.—In order that the Supreme Court
may revoke its order setting aside a default judgment, it must be clearly
shown that the district court abused its discretional power.

ID.—ID.—APPEAL—ABANDONMENT—DISCRETION OF COURT.—Although section 3
of the Act governing appeals from judgments of municipal courts is
mandatory, it does not prevent the district courts from making use of the
power conferred on them by section 140 of the Code of Civil Procedure to
set aside, in the interest of justice, a judgment rendered on account of
abandonment of the action when the court is convinced that such abandon-
ment was apparent and not real.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* and *Mrs. Herminia Tormes* for the
appellant.

*Mr. Tomás Castillo* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court

Amparo de la Concepción Santana, a minor, represented
by his father, filed a certain complaint of intervention in the
Municipal Court of Ponce. After a hearing the court ren-
dered judgment in favor of the intervenor. The adverse
party appealed to the district court and had the case placed
on the calendar and the trial set for April 26, 1917. On that
day the case was called, but only the defendant appeared,
who, on the ground of the failure of the plaintiff to appear,
moved for judgment dismissing the complaint for abandon-
ment in conformity with the provisions of section 3 of the
Act to regulate appeals from judgments of municipal courts
in civil cases. Comp. 1911, sec. 5334. The district court sus-
tained the motion and entered the judgment.

At this stage, on May 16, 1917, the intervenor, by his
attorney, moved the court that under the power conferred
upon it by section 140 of the Code of Civil Procedure it re-
lieve him from the effects of the judgment rendered and

reopen the case for trial on its merits. An affidavit of merits accompanied the motion. The adverse party opposed the motion and filed a counter-affidavit. On June 13, 1917, the court, in accordance with said section 140 and in furtherance of justice, set aside its judgment to the end that the case might be considered and decided on its merits. From that decision of June 13 the present appeal was taken.

The appellant assigns two errors: (1) that the district court abused its discretion, and (2) that section 140 of the Code of Civil Procedure is not applicable in view of the provisions of section 3 of the Act to regulate appeals from judgments of municipal courts in civil cases.

1. In his affidavit of merits the attorney for the intervenor stated to the district court that on account of several circumstances explained in detail he was ignorant of the placing of the cause on the calendar and that having learned that the case was set for trial, he went to the court on April 25, 1917, and had a conference with the attorney for the adverse party, who consented to a postponement of the trial. That confiding in this, he left and did not appear on the following day, but was advised later of what had occurred. The attorney for the adverse party presented his personal affidavit, denying that he had given such consent, and submitted affidavits of other persons in corroboration of his statements.

Although we are of the opinion that it may be deduced from the intervenor's motion that his attorney was not as diligent as he should have been, nevertheless we believe that it has not been shown clearly that the district court abused its discretional power in acting as it did, and that therefore the first error assigned was not committed. See *Gutiérrez et al.* v. *Foix et al.,* 23 P. R. R. 68, and the cases there cited.

2. The appellant contends that the provisions of section 3 of the Act regulating appeals from judgments of municipal courts are mandatory and that therefore section 140 of the Code of Civil Procedure is not applicable. We agree that the provisions are mandatory, but not that the court is es-

topped thereby from exercising the powers conferred upon it by said section 140.   When an appeal is taken from the judgment of a municipal court and perfected, the district court acquires full jurisdiction of the case.   And as section 140 would be applied to set aside, in furtherance of justice, a judgment entered by the secretary of the court by virtue of the mandatory provision of clause No. 1 of section 194 .of the Code of Civil Procedure, so should it be applied to set aside a judgment for abandonment of the action in compliance with the provisions of section 3 of the said act to regulate appeals, when the court is convinced that the abandonment was apparent and not real.

The appeal should be dismissed and the decision

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.